**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Edwin Cortes, | ) | CV 12-00688-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| State of Arizona, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
|_____| ) | |

The court has before it plaintiff's expedited emergency motion for emergency injunction (doc. 1). Plaintiff filed a motion for protective order two days later (doc. 4). This document appears to be identical to his first motion, with the added update that one of his recent motions filed in state court was just denied. We also have before us plaintiff's motion to proceed in forma pauperis (doc. 2). Plaintiff's fifty-one page emergency motion and motion for protective order are difficult to follow. Although plaintiff seems to be challenging the validity of a state criminal conviction, it is unclear what he is asking this court to do. Plaintiff appears to be simultaneously challenging his conviction in state court. Plaintiff filed a special action with the Arizona Court of Appeals on March 30, 2012, which was denied on April 4, 2012.

Under Younger v. Harris, "[a]bsent 'extraordinary circumstances', abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate

1  federal claims." Hirsh v. Justices of the Supreme Court of the State of Cal., 67 F.3d 708, 712

2  (9th Cir. 1995).  Younger abstention applies to cases on direct appeal.  See Dubinka v.

3  Judges of the Superior Court of the State of Cal. for the Cnty. of Los Angeles, 23 F.3d 218,

4  223 (9th Cir. 1994) (noting that Younger applies where a litigant "has not exhausted his state

5  appellate remedies").  An ongoing state criminal proceeding implicates important state

6  interests.  See Gilbertson v. Albright, 381 F.3d 965, 970 (9th Cir. 2004) (Younger originally

7  applied to prevent federal interference with state criminal proceedings).  Even if a plaintiff

8  has not attempted to present federal claims in the state proceeding, we "should assume that

9  state procedures will afford an adequate remedy, in the absence of unambiguous authority

10  to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 1528 (1987).

11  If Younger applies, we "must dismiss" an action.  Baffert v. Cal. Horse Racing Bd., 332 F.3d

12  613, 617 (9th Cir. 2003).  Here, although plaintiff does not inform us of the status of his

13  criminal case, it appears that he is actively appealing his conviction.  Plaintiff has not

14  presented any evidence suggesting that the Arizona appellate courts do not afford a remedy

15  for plaintiff's federal claims.  Considering the importance that Younger places on comity, we

16  think it prudent to conclude that Younger abstention applies in this case.

17      Two narrow exceptions to Younger exist.  Abstention is inappropriate where (1) the

18  state action is motivated by harassment or bad faith, or (2) the "challenged statute is

19  'flagrantly and patently violative of express constitutional prohibitions in every clause,

20  sentence and paragraph. . . against whomever an effort might be made to apply it.'" Huffman

21  v. Pursue, Ltd., 420 U.S. 592, 611, 95 S. Ct. 1200, 1212 (1975) (citation omitted).  To

22  establish bad faith, plaintiff must show that a prosecution was commenced "without a

23  reasonable expectation" of conviction.  Baffert, 332 F.3d at 621 (citation omitted).  Plaintiff

24  has not presented any facts that would permit us to conclude that either exception applies.

25  Accordingly, we must abstain.  This decision will not prejudice plaintiff in the event that we

26  misinterpreted the status of his criminal case, as dismissal on Younger grounds is without

27  prejudice.

28

1   Plaintiff's filings suggest that he needs to speak with a lawyer.  If he does not have
2   one, he may wish to contact the Lawyer Referral Service of the Maricopa County Bar
3   Association at 602-257-4434.

4   **IT IS ORDERED DENYING** plaintiff's expedited emergency motion for emergency
5   injunction (doc. 1).  **IT IS ORDERED DENYING** plaintiff's motion for protective order
6   (doc. 4).  **IT IS ORDERED DENYING** plaintiff's motion to proceed in forma pauperis on
7   grounds of mootness (doc. 2).  This action is dismissed without prejudice.

8   DATED this 4th day of April, 2012.

9
10
11   _____
12   Frederick J. Martone
     United States District Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28